**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOSHUA D. MCGRIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-793-MN-SRF |
| | ) | |
| SERGEANT TIESEAN CURINGTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Joshua D. McGriff ("Plaintiff"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2, 5) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) During the initial screening of this action, Plaintiff's Amended Complaint was dismissed for failure to state a claim and Plaintiff was granted "one more opportunity to amend his pleading in accordance with [the] Order." (D.I. 10 at 3) The Court proceeds to review and screen the Second Amended Complaint ("SAC") pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (D.I. 11) For the reasons set forth below, the Court recommends the SAC be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Consistent with the Amended Complaint, the SAC names as defendants the Delaware Department of Corrections ("DDOC"), JTVCC,[2] Warden Brian Emig, and six other JTVCC staff

---

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] It is well-established that the DDOC and JTVCC are considered agencies of the State of Delaware, and the Eleventh Amendment of the United States Constitution shields them from suit. *See Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 317120, at *5 (D. Del. July 10, 2019); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Therefore, any claims

members: Sergeant Tiesean Curington, Sergeant William Howard, Sergeant P. Detamore, Lieutenant Robert Heishman, Sergeant Christopher Crumpton, and Lieutenant Eleanore Ngadeu. (D.I. 11 at 3-5; D.I. 10 at 1-2) The SAC adds as a defendant Nwga Williams, a medical provider employed by Centurion. (D.I. 11 at 3-5) Like the Amended Complaint, the SAC alleges that on October 1, 2024, Plaintiff was attacked by five other inmates. (*Id.* at 6) Initially, no JTVCC staff members were present. After JTVCC staff members arrived, no one took Plaintiff to the infirmary. Instead, Plaintiff was written up for fighting and assault. (*Id.* at 7-8) Following the disciplinary charge, Plaintiff was moved to the Security Housing Unit ("SHU"). (*Id.* at 7)

The SAC adds averments regarding the alleged failure of medical providers to treat the injuries Plaintiff sustained in the assault. (*Id.* at 8) Plaintiff acknowledges that he has "been going back and forth to in-house doctors[,]" but his requests to see outside specialists have been denied. (*Id.*) Plaintiff attributes the alleged deficiencies in his medical treatment to "All Defendants" without specifically describing any conduct attributable to the newly-added defendant, Nwga Williams. (*Id.*)

Plaintiff's Amended Complaint sought relief for cruel and unusual punishment under the Eighth Amendment, which the court construed as a claim for failure to protect. (D.I. 5 at 6; D.I. 10) In the SAC, Plaintiff reasserts his Eighth Amendment failure to protect claim and adds a claim for deliberate indifference to his medical needs, violations of the Fourteenth Amendment, and negligence-based claims. (D.I. 11 at 6) Plaintiff seeks compensatory and punitive damages as well as the recovery of fees and costs. (*Id.* at 9)

---

against the DDOC and JTVCC should be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim

upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Eighth Amendment Claims

The SAC fails to remedy the deficiencies identified in the initial screening order regarding Plaintiff's Eighth Amendment claim for failure to protect:

> To state a § 1983 claim for failure to protect, Plaintiff must show that a prison official was deliberately indifferent to a substantial risk of harm to Plaintiff's health and safety. [*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994)]. Showing deliberate indifference requires that "defendants actually knew or were aware of the significant risk of harm to the plaintiffs." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).
>
> As the amended complaint alleges no such actual knowledge or awareness by any JTVCC staff member that preceded the staff intervention in the October 1, 2024 incident, the amended complaint fails to state a failure-to-protect claim. At most, the amended complaint suggests that JTVCC staff members acted negligently on October 1, 2024, but an allegation sounding in negligence does not give rise to § 1983 liability. *See Daniels v. Williams*, 474 U.S. 327, 331-34 (1986). No facts alleged suggest deliberate indifference, conspiracy, or a pattern or practice of constitutionally inappropriate training, and this Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).

(D.I. 10 at 2-3) Further amendment would be futile.

The SAC also fails to state a claim under the Eighth Amendment for deliberate indifference to Plaintiff's medical needs. To state a plausible claim, Plaintiff must identify "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires a showing of "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citations omitted). But the SAC acknowledges that Plaintiff received care from in-house medical providers and casts doubt on the severity of his injuries by noting that Plaintiff "didn't

feel pain at the time" of the assault. (D.I. 11 at 6, 8) At best, Plaintiff alleges that the defendants were negligent in providing care, but negligence does not constitute a violation of the Eighth Amendment.[3] *See Estelle*, 429 U.S. at 105-06. To the extent Plaintiff claims he was denied treatment by outside specialists, such disagreement regarding the appropriate course of treatment is also insufficient to state an Eighth Amendment claim for deliberate indifference. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Moreover, the Eighth Amendment failure to protect and deliberate indifference claims each fail to identify any government official who was directly involved in the events relating to Plaintiff's alleged injuries.[4] Liability in a 42 U.S.C. § 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Absent any allegation of personal involvement, Plaintiff's Section 1983 claims under the Eighth Amendment cannot stand.

For the foregoing reasons, I recommend that the court dismiss Plaintiff's Eighth Amendment failure to protect and deliberate indifference claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] To the extent that the SAC attempts to assert state law negligence and/or medical malpractice claims, the court lacks subject matter jurisdiction to hear those claims. *See Lewis v. Murphy*, C.A. No. 23-1199-CFC, 2025 WL 326696, at *2-3 (D. Del. Jan. 29, 2025).

[4] The SAC contains a single conclusory allegation that Emig failed to take disciplinary action to curb inmate-on-inmate assaults. (D.I. 11 at 7) This averment falls short of plausibly alleging that Emig established or maintained a policy which directly caused a constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016).

### B. Due Process Claim

The SAC alleges that Heishman filed a disciplinary complaint against Plaintiff for assault, resulting in Plaintiff's transfer to the SHU "without Due Process of law." (D.I. 11 at 7) To succeed on a due process claim, Plaintiff must first demonstrate that he was deprived of a protected interest. *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002). The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. *See id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Because segregation at a different administrative security level is the sort of confinement that Plaintiff should reasonably anticipate receiving at some point in his incarceration (depending on events and his conduct), his transfer to less amenable and more restrictive custody does not implicate a liberty interest that arises under the Due Process Clause. *See Fountain v. Vaughn*, 679 F. App'x 117, 120 (3d Cir. Feb. 17, 2017) (citing *Toms v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002)). The SAC does not demonstrate that Plaintiff was deprived of a liberty interest. Therefore, it fails to state a cognizable due process claim based on Plaintiff's placement in the SHU.

I recommend that the court dismiss Plaintiff's due process claim for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Because amendment would be futile, dismissal should be with prejudice.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026 is **ADOPTED**.

2. The Second Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

3. The Clerk of Court is directed to CLOSE the case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 3, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE